**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**FRANK EDWARD KORCZYK,**

     **Plaintiff,**

**vs.**                                                      **CASE NO. 1:07CV101-MP/AK**

**DAVID P. TURNER, et al,**

     **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

     Plaintiff, proceeding pro se and in forma pauperis, has filed suit against a number of law enforcement officers, state attorneys, and his son's employer.  (Doc. 12).  While the Court has had difficulty reading the papers filed by Plaintiff, for whom English is apparently not his native language, the facts upon which he bases his claims are clear and it is equally clear that the claims are not based on federal or constitutional law.

**I.      Allegations of the First Amended Complaint (doc. 12)**

     Plaintiff shared a bank account with his son, who was employed by Defendant Dwayne Colson.  Plaintiff's son had a company vehicle, which he had parked at his father's home.  Allegedly Colson wrote the son a paycheck on an account with insufficient funds, which caused Plaintiff's account to be overdrawn and a number of other checks to be returned costing over $600.00.  Plaintiff intended to hold the company vehicle on his property until Colson covered the costs of the "bounced" check, but Colson reported the vehicle stolen, provided documents to law enforcement to prove

it was his, and several sheriffs department deputies retrieved the vehicle from Plaintiff.

Plaintiff seeks monetary relief, as well as charges being brought against Colson and the

law enforcement officers who assisted Colson in retrieving his vehicle.

## II.    Standard of Review

A court may dismiss a case proceeding *in forma pauperis* if the complaint

fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  *Pro se*

complaints are to be held to a less stringent standard than those drafted by an

attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v.

Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).

However, a plaintiff is still required to "set forth factual allegations, either direct or

inferential, respecting each material element necessary to sustain recovery under

some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla.

1995).  It cannot be assumed that a Plaintiff will prove facts which have not been

alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated

General Contractors of California, Inc. v. California State Council of Carpenters,

459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though

the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and

conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Additionally, the court's duty to construe a plaintiff's complaint liberally is not the

equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904,

912 (11th Cir. 1993).

**No. 1:07cv101-MP/AK**

Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.  Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005);  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

## III.    Analysis

Plaintiff admits that the vehicle was not his, but contends that he had a right to keep the vehicle until the money issue with his son's employer was resolved, and the sheriffs deputies, who took the vehicle from his possession, violated his rights in doing so.

There is no right to hold another's property to extort justice from them.

Plaintiff complains that there was no search warrant, but Plaintiff admits (and the papers provided with the complaint support) that the vehicle was not his, that he was holding it on his property, and the sheriffs deputies confirmed by observation and a telephone call to Plaintiff that the vehicle was there.  Plaintiff cannot claim a right to due process with regard to a property loss when the property did not belong to him.

According to the incident report attached to the complaint, the property was taken by the officers without incident, no criminal charges were filed, and some money was given to Plaintiff by Defendant Colson at the scene.

Thus, it is not clear what issue Plaintiff takes with the search and seizure, but there are no "rights" violated by any of the actions alleged in the complaint.

**No. 1:07cv101-MP/AK**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 12, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this _24th_ day of March, 2008.


_s/ A. KORNBLUM_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07cv101-MP/AK**